IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LIEUTENANT SKYLARE HOLSTICK,)
# 230692                    )
                            )
        Petitioner,         )
                            )CIVIL ACTION NO.: 3:12CV668-WHA
    v.                      )
                            )            [WO]
WILLIE THOMAS, *et al.*,    )
                            )
        Respondents.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

Petitioner Lieutenant Skylare Holstick ("Petitioner"), an inmate of the Alabama

Department of Corrections, filed this petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254, challenging his conviction for trafficking in cocaine in the Circuit Court for Lee

County, Alabama. *Doc. No. 6-1* at 1.  Petitioner was sentenced as a habitual offender to life

in prison. *Doc. No. 6-1* at 1.

Petitioner appealed, and the Alabama Court of Criminal Appeals affirmed the

judgment on December 4, 2009. *Doc. No. 6-1.*  His application for rehearing was overruled.

*Doc. No. 6-2.*  He unsuccessfully sought further review before the Alabama Supreme Court,

and a certificate of judgment issued on May 7, 2010. *Doc. Nos. 6-3, 6-4, 6-5.*  Petitioner

submitted a petition for postconviction review pursuant to Alabama Rule of Criminal

Procedure 32 on February 24, 2011, that was received on February 28, 2011. *Doc. No. 6-6*

at 1, 7.  On June 24, 2011, the Circuit Court denied all but one of the grounds for relief, and

on that remaining issue the court granted Petitioner sixty days to submit evidence supporting his position "that additional witnesses were available and that their testimony would have impacted the trial." *Doc. No. 18-1* at 19-20. On September 12, 2011, the Circuit Court stated it had received an affidavit from Petitioner, and it granted the State thirty days "to submit any additional evidence." *Doc. No. 18-1* at 21. On April 30, 2012, the Circuit court stated it had been waiting for further information from Petitioner but had not received it. *Doc. No. 18-1* at 25. It ruled, "[t]herefore, the Court's Order dated June 24, 2011 is to be considered a final order." *Doc. No. 18-1* at 25.

Petitioner filed this section 2254 petition on August 2, 2012.[1] *Doc. No. 1* at 15. A little over a month later, on September 11, 2012, Petitioner filed a second Rule 32 petition in state court, in which he essentially asked for permission to file an out of time appeal from the June 24, 2011, order. *Doc. No. 18-1* at 1-15. As the Circuit Court explained, Petitioner argued "the Court's orders were worded in such a way that made it difficult to appeal." *Doc. No. 18-2* at 1. On November 2, 2012, the Circuit Court ruled that, "[b]y designating the order as final the Court, in essence, designated the June 24, 2011 order an appealable order. Therefore, the Defendant should have filed his appeal within the appropriate time from April 30, 2012." *Doc. No. 18-2* at 1-2.

---

[1]The petition was stamped "filed" in this court on August 6, 2012, and Petitioner signed it on August 2, 2012. *Doc. No. 1* at 1, 15. Pursuant to the prison "mailbox rule," the court considers August 2, 2012, as the date of filing. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam) ("Absent evidence to the contrary in the form of prison logs or other records, [this court] will assume that [the prisoner's petition] was delivered to prison authorities the day he signed it . . . .").

In the meantime, on October 22, 2012, Petitioner asked this court to stay Petitioner's federal habeas proceeding while Petitioner exhausted his available state remedies. *Doc. No. 12.* On October 23, 2012, the court denied the motion to stay the case. *Doc. No. 14.*

In state court, Petitioner appealed the denial of his second Rule 32 petition, and the Alabama Court of Appeals affirmed the denial of the petition on May 24, 2013. *Doc. No. 24-1* at 2 (describing procedural history of second Rule 32 petition).[2] Petitioner filed a third Rule 32 petition on April 26, 2013, in which he argued that he was deprived of counsel after he was sentenced.[3] *Doc. No. 24-1* at 2. The Circuit Court denied relief, and the Alabama Court of Appeals affirmed. *Doc. No. 24-1* at 1-3. A certificate of judgment issued on June 25, 2014. *Doc. No. 24-2.* Petitioner's section 2254 petition is ready for ruling.

## II. HABEAS PETITION

Respondents do not argue the petition is untimely, and the court concludes the petition is timely filed. Petitioner raises the following five claims for federal habeas relief:

1. Petitioner claims that his conviction was obtained through the use of evidence seized pursuant to an illegal stop of Petitioner's vehicle. *Doc.*

---

[2]Respondents did not provide this Court with the Alabama Court of Criminal Appeals decision regarding Petitioner's second Rule 32 petition. Instead, they provided the Court of Criminal Appeals decision on Petitioner's *third* Rule 32 petition, which refers to the ruling on the *second* Rule 32 petition. *Doc. No. 24-1* at 1-3. The ruling does not explain why the second Rule 32 petition was affirmed. *Doc. No. 24-1* at 2.

[3]In his third Rule 32 petition, Petitioner asserted that the trial court did not appoint appellate counsel in time to file a motion for new trial, and Petitioner argued "he was unable to raise certain issues on direct appeal because they were not first raised in a motion for new trial." *Doc. No. 24-1* at 2. The state court ruled that appellate counsel was appointed after Petitioner was sentenced and before the time to appeal expired, and Petitioner "was not deprived of the opportunity to file a motion for new trial." *Id.* The Alabama Court of Criminal Appeals stated that Petitioner did not raise issues other than those related to the motion for new trial. *Doc. No. 24-1* at 2 n.1.

*No. 1-1* at 3.

2. Petitioner claims that he received ineffective assistance of counsel because trial counsel failed to move for a judgment of acquittal or motion for directed verdict based on the State's failure to prove constructive possession of 28 grams or more of cocaine. *Doc. No. 12* at 2.

3. Petitioner claims that he received ineffective assistance of counsel because trial counsel failed to allow Petitioner to testify on his own behalf. *Doc. No. 12* at 6.

4. Petitioner claims that he received ineffective assistance of counsel because trial counsel failed to move for disclosure and availability of the confidential informant who provided information against Petitioner. *Doc. No. 12* at 7.

5. Petitioner claims that he received ineffective assistance of counsel because appellate counsel failed to challenge improper admission of evidence of Petitioner's prior bad acts. *Doc. No. 12* at 9.

Respondents argue that Petitioner cannot prevail on the merits of his search and seizure claim under the federal habeas statute, 28 U.S.C. § 2254(d), because the state court rulings are not contrary to, or an unreasonable application of, clearly established United States Supreme Court law, and the decisions were not the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Doc. No. 6* at 9-13; *see* 28 U.S.C. § 2254(d). Respondents argue that Petitioner cannot prevail on his ineffective assistance of counsel claims because they are unexhausted and procedurally defaulted without excuse. *Doc. No. 18.*

This court entered an order advising Petitioner of the constraints that 28 U.S.C. § 2254(d)(1) places on federal courts to grant relief, as well as the preclusive effect of *Stone v. Powell*, 428 U.S. 465 (1976), on Fourth Amendment claims raised in habeas proceedings. *Doc. Nos. 9.* The court granted Petitioner an opportunity to file a reply to Respondents'

answer. *Doc. Nos. 9, 19.* Petitioner filed replies. *Doc. No. 11, 20.* The court directed Respondents to supplement the record with any state-court proceedings related to Petitioner's Rule 32 motions. *Doc. No. 23.* Respondents submitted an additional ruling. *Doc. No. 24.*

After reviewing the § 2254 petition, Respondents' answer and supplemental answers, Petitioner's replies, the state court record, and applicable federal law, the court concludes that no evidentiary hearing is required, and the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

### III. FOURTH AMENDMENT CLAIM

Petitioner claims he is entitled to section 2254 relief because the state courts should have granted his motion to suppress evidence seized during a traffic stop in violation of the Fourth Amendment. *Doc. No. 1-1 at 3.* Under *Stone v. Powell*, 428 U.S. 465, 482 (1976), "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." This rule applies to all claims arising under the Fourth Amendment. *See, e.g., Cardwell v. Taylor*, 461 U.S. 571, 572 (1986) (per curiam) (holding that under *Stone* lower court should not have considered whether custodial statements violated Fourth Amendment, and remanding to determine if the statements were involuntary under the Fifth Amendment).

## A. *Stone* May Be Raised *Sua Sponte*

Petitioner maintains that this court cannot consider whether *Stone* precludes federal review because only the court raised it, and Respondents failed to raise it. *Doc. No. 11* at 2-7. The court disagrees. In *Stone* the Supreme Court noted:

> we hold only that a federal court need not apply the exclusionary rule on habeas review of a Fourth Amendment claim absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review. Our decision does not mean that the federal court lacks jurisdiction over such a claim, but only that the application of the rule is limited to cases in which there has been *both* such a showing and a Fourth Amendment violation.

*Stone*, 428 U.S. at 495 n.37 (emphasis added). The Court of Appeals for the Eleventh Circuit has not specifically addressed whether *Stone* can be waived by a Respondent, or whether it may, or must, be raised *sua sponte* by the court. *See Thompson v. McNeil*, No. 08-61520-CIV-SEITZ, 2010 WL 3000180, at *1 (S.D. Fla. July 30, 2010) (concluding it is appropriate to consider *Stone sua sponte* because no court has said it cannot consider the defense *sua sponte* and because in the Eleventh Circuit the burden is on the petitioner to prove the want of opportunity to fairly and fully litigate a Fourth Amendment claim). Other courts addressing the issue have reached differing conclusions on the issue. *E.g.*, *Young v. Conway*, 715 F. 3d 79, 86 (2d Cir. 2013) (concurring in denial of rehearing en banc) (collecting cases and stating "a fair reading is that the weight of authority is that courts may, but are not required, to raise Stone *sua sponte*"); *Woolery v. Arvave*, 8 F.3d 1325, 1326 (9th Cir. 1993) (*Stone* applies even if state did not raise it timely); *Tart v. Massachusetts*, 949

F.2d 490, 497 n.6 (1st Cir. 1991) (noting "the discretionary authority of federal appellate courts to raise the *Stone* prohibition *sua sponte*"); *Davis v. Blackburn*, 803 F.2d 1371, 1373 (5th Cir. 1986) (per curiam) (denying petition for rehearing) ("Where the record clearly shows that a petitioner had a full and fair hearing in state court, we hold that a federal court is not foreclosed from *sua sponte* applying the principle of *Stone.*"); *Wallace v. Duckworth*, 778 F.2d 1215, 1219-20 n.1 (7th Cir. 1985) (per curiam) (*Stone* not jurisdictional and therefore not required to be raised *sua sponte*).

In *Davis*, the Court of Appeals for the Fifth Circuit relied on *Caver v. State of Alabama*, 537 F.2d 1333, 1336 n.2 (5th Cir. 1976), which noted that the burden is "on a petitioner to plead and prove at the federal trial level a want of opportunity fairly and fully to litigate any fourth amendment claim in the state courts." *Caver* was issued by the predecessor court of the Eleventh Circuit Court of Appeals, and it is binding precedent for this court. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981). Based on the authority that the burden is on Petitioner to plead and prove want of opportunity to fully and fairly litigate his Fourth Amendment claim, and the persuasive reasoning in *Davis*, this court concludes it is proper for the court to raise *Stone sua sponte*.

### B. *Stone* Precludes Petitioner's Fourth Amendment Claim

*Stone* precludes federal habeas review of a Fourth Amendment claim "where the State

has provided an opportunity for full and fair litigation of a Fourth Amendment claim . . . ."
*Stone*, 428 U.S. at 482.  The Court of Appeals for the Eleventh Circuit has explained that
when facts are in dispute, "full and fair consideration requires consideration by the
fact-finding court, and at least the availability of meaningful appellate review by a higher
state court," but when facts are not in dispute, "full and fair consideration is satisfied where
the state appellate court, presented with an undisputed factual record, gives full consideration
to defendants' Fourth Amendment claims."  *Tukes v. Dugger*, 911 F.2d 508, 514 (11th Cir.
1990) (quotation marks and citations omitted); *see also Hearn v. Florida*, 326 F. App'x 519,
521 (11th Cir. 2009) (citing *Tukes*); *Caver*, 577 F.2d at 1192 ("full and fair consideration of
a fourth amendment claim [includes] at least one evidentiary hearing in a trial court and the
availability of meaningful appellate review when there are facts in dispute, and full
consideration by an appellate court when the facts are not in dispute").  The rule in *Stone*
applies despite legal or factual error in the state court, and does not require a federal court
to review the state court's factfinding or its application of Fourth Amendment law.  *See*
*Willett v. Lockhart*, 37 F.3d 1265, 1273 (8th Cir. 1994) (holding federal courts "are not to
consider whether full and fair litigation of the claims in fact occurred in the state courts, but
only whether the state provided an opportunity for such litigation").

        Here, Petitioner was afforded an evidentiary hearing in the trial court on his motion
to suppress.  *Doc. No. 6-10* at 1-53 (transcript of evidentiary hearing).  The trial court issued
a written ruling denying Petitioner's motion.  *See Doc. No. 6-3* at 14 (referring to written

order entered but not included as part of this federal habeas record).  Although the written

ruling is not part of this record, Petitioner admitted in state court that a written ruling was

issued, *Doc. No. 6-3* at 14, and he does not suggest the ruling failed to address the facts or

his Fourth Amendment concerns.  *Cf. Hearn*, 326 F. App'x at 522 ("A state does not afford

a defendant a full and fair opportunity to litigate the validity of a search under the Fourth

Amendment when the state courts fail to make essential findings of fact.").  On appeal the

Alabama Court of Criminal Appeals in its December 4, 2009, decision set out the facts in

detail and indicated that its review of a decision where the facts are undisputed is de novo.

*Doc. No. 6-1* at 1-5 (citations omitted).  The Court of Appeals discussed the facts and

applicable Fourth Amendment law at length before concluding that the officer reasonably

stopped Petitioner, and Petitioner suffered no Fourth Amendment violation.  *Doc. No. 6-1*

at 5-12.  Petitioner then sought further review of the decision before the Alabama Supreme

Court, and he did not take issue with the underlying facts of his case.  *Doc. No. 6-3* at 33

(statement of the issue presented for further review).  The transcript, records, and state court

decisions rejecting Petitioner's motion to suppress make plain that the state courts, and

particularly the appellate court, fully and fairly considered the Fourth Amendment claim

raised by Petitioner.  For purposes of *Stone*, then, the state provided Petitioner a "full and

fair" opportunity to litigate his Fourth Amendment claim in the state courts, and this court

is precluded from reviewing the state court's Fourth Amendment determination.  *See Tukes*,

911 F.2d at 514 (where the facts are undisputed "full and fair consideration is satisfied where

-9-

the state appellate court, presented with an undisputed factual record, gives full consideration to defendants' Fourth Amendment claims").

## IV. INEFFECTIVE ASSISTANCE CLAIMS

Respondents assert that Petitioner's claims for habeas relief that he raised in his Rule 32 petition are unexhausted and procedurally barred from federal review because Petitioner failed to present the claims to the state courts in accordance with the State's procedural rules. The procedural default doctrine is closely related to the exhaustion requirement in section 2254 cases. Under exhaustion principles, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel*'s reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule."), *cert. denied*, 534 U.S. 1136 (2002). The procedural default doctrine also ensures that "state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." *Picard v. Connor*, 404 U.S. 270, 276 (1971). Thus, claims which have never been presented to a state court or claims which were not exhausted properly in the state courts are procedurally defaulted if presentation of

the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996) (where state-court remedies are no longer available because petitioner failed to file a direct appeal or initiate timely state post-conviction action, petitioner has procedurally defaulted on his claims and is generally barred from asserting claims in a federal habeas proceeding); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas.") (citations omitted); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted).

Petitioner raised claims regarding his counsel's performance in his first Rule 32 petition, but he failed to appeal timely the dismissal of them under Alabama state procedural rules. Although the record in this habeas action does not include the ruling on each appeal of his Rule 32 petitions, it is clear the state courts determined that Petitioner untimely appealed his initial ineffective assistance of counsel claims. Referring to his first Rule 32 petition concerning the ineffective assistance claims, the Circuit Court ruled that Petitioner "should have filed his appeal within the appropriate time from April 30, 2012." *Doc. No. 18-2* at 1-2; *see also* Ala. R. App. P. 4 (42 days to file appeal). The Alabama Court of Criminal

Appeals affirmed. *Doc. No. 24-1* at 2 (referring to the second Rule 32 appeal, which was treated as a request to file an out of time appeal of the first Rule 32 petition). Although the Alabama Court of Criminal Appeals addressed the merits of Petitioner's claim regarding appointment of counsel between the time of his sentence and appeal, *Doc. No. 24-1* at 2, Petitioner does not raise that claim in his section 2254 petition or amendment. *Doc. Nos. 1, 12*. Consequently, Petitioner's ineffective assistance of counsel claims are unexhausted or procedurally defaulted.

### C. Exceptions to Procedurally Defaulted Claims

This court may reach the merits of Petitioner's procedurally defaulted claims

> only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier,* 477 U.S. 478, 485 (1986); *[Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977)]. . . . Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

*Henderson*, 353 F.3d at 892.

### 1. Cause and Prejudice

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892.  The court afforded Petitioner an opportunity to demonstrate the existence of cause for his failure to raise his defaulted claims in the state courts properly and prejudice resulting from this failure.  *Doc. No. 19.*  Petitioner responded that he was reasonably confused whether his state court filing was timely, and he was attempting to obtain an out-of-time appeal.  *Doc. No. 20* at 2, 5.  If Petitioner had succeeded in obtaining an out-of-time appeal from the Alabama state courts, then his state-court claims would not have been defaulted under state law rules.  It is clear from the record, however, that Petitioner did not succeed.  He provides no ground to establish cause or prejudice for his failure to present his claims regarding counsel's performance to the state courts in compliance with applicable procedural rules.  Furthermore, Petitioner has not shown the existence of actual prejudice emanating from infringement of federal law.  Nevertheless, this Court may reach Petitioner's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

## 2.  Fundamental Miscarriage of Justice

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Innocence is not an independent claim; instead, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted.  *Schlup*, 513 U.S. at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321.  "[T]he

*Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citations omitted). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." *Id*. at 537.

"To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327-28); *House*, 547 U.S. at 538. In this context, Petitioner must show constitutional error coupled with newly discovered evidence that was not presented at trial that would establish factual innocence rather than mere legal insufficiency. *Bousley*, 523 U.S. at 623-24*; Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001); *see also Schlup*, 513 U.S. at 324. *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*. at 324.

Petitioner does not assert that he has "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the court does not reach the merits of his defaulted claims. Petitioner simply presents no evidence nor suggests that any exists which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claims regarding counsel's performance are, therefore,

-14-

foreclosed from federal habeas review.

### C.  No Evidentiary Hearing Is Needed

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007) (citation omitted).  The court is not required hold an evidentiary hearing on Petitioner's claims because "the record refutes the applicant's factual allegations or otherwise precludes habeas relief."  *Id.*

### IV.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Lieutenant Skylare Holstick be DENIED and DISMISSED with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **June 17, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

      Done this 3rd day of June, 2015.

                         /s/ Wallace Capel, Jr.
                         WALLACE CAPEL, JR.
                         UNITED STATES MAGISTRATE JUDGE